**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| PEDRO GARDUNO-DIAZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 18-cv-1143-JES |
| STEVE KALLIS, Warden, | ) ) ) |
| Respondent. | ) |

## ORDER AND OPINION

Now before the Court is Petitioner Pedro Garduno-Diaz's Petition for Writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. For the reasons set forth below, Garduno-Diaz's Petition (Doc. 1) is DENIED.

### BACKGROUND

On March 23, 2016, Pedro Garduno-Diaz (hereinafter "Petitioner") was released on parole from the Illinois Department of Corrections after serving a two-year sentence for aggravated driving under the influence conviction imposed in Will County, Illinois. Immediately thereafter, he was taken into the custody of the United States Immigration and Customs Enforcement ("ICE"). On April 19, 2016, a federal grand jury charged the Petitioner with Illegal Reentry after Removal, in violation of Title 8 of the United States Code, Section 1326(a) and Title 6 of the United States Code, Section 202(4). As a result of the Petitioner's charges, on April 22, 2016 he was transferred from the custody of ICE to the United States Marshals Service ("USMS"). On November 30, 2016, he pleaded guilty to the charge in the indictment in front of the Honorable Robert M. Dow of the United States District Court for the Northern District of Illinois. On April 18, 2017, Petitioner was sentenced to the Federal Bureau of Prisons ("BOP") for a term of 30 months. Doc. 7, at 3. The BOP credited Petitioner for the year he spent in the

1

custody of the USMS, but not for the 25 days he was detained by ICE. Petitioner now brings this Petition under 28 U.S.C. § 2241 seeking credit for the 25 days spent in the custody of ICE. Doc. 1. In response, the Government claims the Petitioner's §2241 Petition should be dismissed. Doc. 7.

The Petitioner is seeking a recalculation of his sentence because the 25 days he spent in the custody of ICE prior to his indictment has not been credited to the Petitioner's current sentence. Title 18 of the United States Code, Section 3585(b), states a defendant shall be given credit for time served in official detention that has not been credited against another sentence. Doc. 1, at 7. To clarify the meaning of § 3585(b), a defendant is given credit for time served in custody prior to the date the sentence commences. This includes time spent in custody as a result of the offense for which the sentence was imposed, or as a result of any other charge for which a defendant was arrested after the commission of the offense for which the sentence was imposed.

The Petitioner also claims that he has exhausted all available administrative remedies prior to filing this action. The Petitioner filed his first grievance with the Pekin Federal Correction Institution on December 20, 2017. The grievance was denied on January 17, 2018. The Petitioner filed his first appeal on January 24, 2018 with the North Central Regional Offices in Kansas City, Missouri. The appeal was denied on February 9, 2018. The Petitioner filed his final appeal on February 28, 2018 with the Central Office of the Bureau of Prisons. The final appeal decision was still pending at the time the United States filed its Response and when Petitioner filed his Reply.

## LEGAL STANDARD

Federal prisoners must first exhaust their administrative remedies before bringing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in federal court. *Richmond v. Scibana*,

387 F.3d 602, 604 (7th Cir. 2004). A prisoner who "does not properly take each step within the administrative process has failed to exhaust" his remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). In the BOP, exhaustion of administrative remedies is final once "the issue is considered by the [BOP's] Central Office." *Clark v. United States*, No. 04-CV-862-WDS, 2008 WL 4594624, at *2 (S.D. Ill. Sept. 29, 2008), *aff'd*, 360 F. App'x 660 (7th Cir. 2009). "Once an inmate receives a response to his appeal from the General Counsel after filing administrative remedies at all three levels, his administrative remedies are exhausted as to the specific issue raised." *Abdullah v. Bates Case Manager*, No. 2:12-CV-00062-WTL, 2013 WL 4539167, at *2 (S.D. Ind. Aug. 27, 2013), *aff'd sub nom. Abdullah v. Bates*, 562 F. App'x 526 (7th Cir. 2014).

## DISCUSSION

The Government asks the Court to dismiss the Petitioner's Petition on the merits or because the Petitioner failed to exhaust all of his administrative remedies prior to filing his Petition. Doc. 7 at 1. The Government first argues the Petitioner has not exhausted all of the administrative remedies available because his final appeal was not yet decided when he filed this Petition.

Federal prisoners must first exhaust administrative remedies prior to bringing a petition for writ of habeas corpus in federal court. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). A prisoner who does not properly take each step within the administrative process has failed to exhaust his remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Here, the Government argues the Petitioner has not exhausted all of his remedies because the Petitioner's final appeal with the Central Office was still pending when the Petitioner filed his § 2241 Petition. The Central Office in Washington D.C. has 60 days to respond to the Petitioner's appeal with a 20-day extension if permitted. 28 C.F.R. § 542.18. The Petitioner filed his final

appeal with the Central Office in Washington D.C. on March 12, 2018, which gave the Central Office until May 11, 2018 to issue a response. Doc. 7, at 8. The Petitioner filed his § 2241 petition on April 6, 2018, without a response from the Central Office in Washington D.C. The government claims this means not all of the Petitioner's remedies had been exhausted, and therefore, the Court should dismiss the Petitioner's § 2241 Petition.

However, administrative remedies do not have to be exhausted when there is an extenuating circumstance that warrants an exception to the common law rule. *McLemore v. Cross*, 2014 WL 335445 (S.D. Ill. 2014). A petitioner's failure to exhaust administrative remedies is excused if 1) requiring exhaustion of administrative remedies causes prejudice due to an unreasonable delay or an "indefinite timeframe for administrative action"; 2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; 3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or 4) where substantial Constitutional issues are raised. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002).

The Petitioner could be considered to have extenuating circumstances that caused him to fail to exhaust all of his administrative remedies. He could be considered to be prejudiced due to an unreasonable delay and an "indefinite timeframe for administrative action." The Petitioner pointed out in his Reply that the Petitioner would not have been able to have his day in court if he had waited for the response from the Central Office in Washington D.C. The Petitioner further states the BOP is slow with getting responses to the inmate population. He had extensions issued to each of his appeals while he was exhausting his administrative remedies. The Petitioner filed each of his appeals in a timely fashion and has not heard back from the Central Office on his last appeal. Significantly, Petitioner represents in his Reply that, as of May 15, 2018, he has yet to

receive a decision from the BOP on his final appeal. Doc. 8, at 2. On the other hand, Petitioner was sentenced to the BOP on April 18, 2017, but waited until December 20, 2017 to file his first grievance with the BOP. However, the Court need not decide whether Petitioner diligently pursued his administrative remedies or whether he should be excused from exhausting those remedies because the claim he advances in his Petition is without merit.

On the merits, the Government argues the Petitioner's § 2241 Petition should be dismissed. Doc. 7. The BOP Manual states the policy for sentence computation. Doc. 7, at 10. It states official detention does not include time spent in the custody of ICE. *Id*. Specifically, an inmate being held by ICE pending a civil deportation determination is not being held in official detention pending criminal charges. *Id*. The Seventh Circuit has held a similar view. *Id*. The court held in *United States v. Estrada-Mederos* that the district court's failure to explicitly comment on the defendant's potentially meritorious argument for a reduced sentence based on a delay in prosecution and his inability to receive credit for time spent in federal immigration custody required remand for resentencing. 784 F.3d 1086, 1091-93 (7th Cir. 2015).

Here, the Government states the Petitioner received 364 days of credit, from the date the indictment was filed for Illegal Reentry after Removal in violation of 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4). Doc. 7, at 2. However, the Petitioner did not get credit for the 25 days he spent being detained by ICE because the Petitioner was not in official detention. The Government claims the Petitioner should not receive credit for the time he was detained by ICE because the indictment was not yet filed against the Petitioner at that time. *See United States v. Estrada-Mederos*, 784 F.3d at 1091-92 ("Immigration detention, like state incarceration, is a period of confinement that will not be credited toward defendant's federal sentence."). Due to there not

being an indictment filed against the Petitioner, he was not in official detention while he was in the custody of ICE. Therefore, the Petitioner's § 2241 Petition can be dismissed on its merits.

## CONCLUSION

For the reasons set forth above, Pedro Garduno-Diaz's Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED.

This matter is now terminated.

Signed on this 10th day of July, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge